FILED
2014 Nov-19  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| **MERRI LAYTON**, by and through her mother and next friend HEIDI LAYTON, an individual; | ) ) ) ) |
| **Plaintiff**, | ) CIVIL ACTION NO.: ) |
| v | ) ) ) |
| | ) **JURY TRIAL** |
| **JAMES VINCENT RICHARDSON, M.D.**, an individual; **PEGASUS EMERGENCY GROUP ALABAMA, L.L.C**, a domestic limited liability company; **BAPTIST HEALTH SYSTEM, INC. d/b/a CITIZENS BAPTIST MEDICAL CENTER**, a domestic corporation, | ) **REQUESTED** ) ) ) ) ) ) |

**No. 1**, whether singular or plural, that hospital, clinic or other health care entity which undertook to provide medical services to the plaintiff on the occasion made the basis of this matter; **No. 2**, whether singular or plural, that physician (including an intern, resident, or fellow) who undertook to provide medical services to the plaintiff on the occasion made the basis of this matter; **No. 3**, whether singular or plural, that physicians' assistant who undertook to provide medical services to Plaintiff on the occasion made the basis of this matter; **No. 4**, whether singular or plural, that licensed, registered, or practical nurse, therapist or technician who undertook to provide medical services to the plaintiff on the occasion made the basis of this matter; **No. 5**, whether singular or plural, that hospital administrator, hospital employee or medical provider who undertook to provide medical services to the plaintiff on the occasion made the basis of this matter; **No. 6**, whether singular or plural, that entity or those entities, who undertook to provide any health care or related service to Plaintiff on the occasion made the basis of this matter;  **No. 7**, whether singular or plural, that entity or those entities, who or which was the employer of any entity who undertook to provide health care or related services to the Plaintiff at the time of the occurrence made the basis of this matter; **No. 8**, whether singular or plural, that entity or those entities, who or which were responsible for the hiring, supervision and training of any individual or employees of the entities who undertook to provide health care or related services to the Plaintiff at the time of

the occurrence made the basis of this matter; **No. 9**, whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to the plaintiff on the occasion made the basis of this matter; **No. 10,** that entity or those entities, who or which were responsible for the recruitment, placement, hiring or furnishing of any of those healthcare providers who treated Plaintiff on the occasion made basis of this matter; **No. 11**, whether singular or plural, that person, who, as an owner, stockholder, partner, associate, employee, or agent of any of the named or fictitious party defendants listed; **No. 12**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named or fictitious party defendants listed; **No. 13**, whether singular or plural, that person or those persons, that entity or those entities, other than those described above, whose torturous, outrageous, intentional, reckless, negligent, wanton, breach of contract, or other wrongful conduct of which contributed to cause the injuries to the Plaintiff made the basis of this matter. **No. 14**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 15**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.  Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

                     )
  Defendants.         )

## COMPLAINT

## PARTIES

1. Plaintiff, Merri Layton, by and through her mother and next friend, Heidi Layton, an individual, is a minor resident of Afton, Virginia, and was eight years old at all times relevant to the incident made the basis of this claim. Plaintiff's mother and next friend, Heidi Layton, is an adult resident of Afton, Virginia.

2.     Defendant, James Vincent Richardson, M.D., (hereinafter "Richardson") is an adult resident of Pike Road, Montgomery County, Alabama. Defendant Richardson is an employee/agent of Defendant Pegasus Emergency Group Alabama, LLC.

3.     Defendant Pegasus Emergency Group Alabama, LLC, (hereinafter "Pegasus") is a limited liability corporation created pursuant to the laws of Alabama, with its principal place of business in Birmingham, Jefferson County, Alabama. At all times relevant hereto, Defendant Pegasus provided emergency physician services at Citizens BMC in Talladega, Talladega County, Alabama. At all times relevant hereto, Defendant Pegasus was the employer/master of Defendant Richardson, and Defendant Richardson was working within the line and scope of his employment with Pegasus.

4.     Defendant, Baptist Health System, Inc., d/b/a Citizens Baptist Medical Center, (hereinafter "Citizens BMC") is a corporation created pursuant to the laws of Alabama, with its principal place of business in Birmingham, Jefferson County, Alabama. At all times relevant hereto, Defendant operated Citizens BMC, which is located in Talladega, Talladega County, Alabama.

## JURISDICTION & VENUE

5.     Jurisdiction is founded under the provisions of 28 U.S.C. § 1332 (a), et seq. which grants this court jurisdiction in civil actions on the basis of diversity

of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2), as the acts and omissions made the basis of Plaintiff's complaint occurred in Talladega County, Alabama.

## FACTS COMMON TO ALL COUNTS

7. On November 24, 2010, at approximately 6:10 p.m., Plaintiff Merri Layton presented to the emergency room at Defendant Citizens BMC for assessment and treatment of what Plaintiff's mother indicated on the Patient Sign-In Sheet as "arm, possibly broken, left." Personnel in the emergency department at Defendant Citizens BMC assessed and triaged the Plaintiff, Merri Layton, at approximately 6:23 p.m.

8. At that time, the emergency department nurse documented the following concerning Merri Layton: (1) she was experiencing pain to her left forearm and elbow stemming from a fall/blow to said area approximately one hour prior to her arrival, (2) her chief complaint was "possible broken left arm," and (3) she displayed tenderness in her left forearm/elbow upon physical examination.

9. Defendant Richardson examined Merri Layton. Defendant Richardson ordered x-rays of Merri's left forearm and elbow, which were taken at approximately 6:40 p.m. on November 24, 2010.

10. According to Plaintiff's medical records, radiographs from these studies were completed and flagged for Defendant Richardson's review at 7:05 p.m. Plaintiff's medical records do not evidence review of these radiographs by Defendant Richardson.

11. Approximately one and one-half hours after Plaintiff's radiographs were flagged for Defendant Richardson's review, Plaintiff was discharged from the emergency department with the diagnosis of a sprain to her left elbow/forearm.

12. Plaintiff's mother provided Plaintiff's pertinent contact information upon both admission and discharge paperwork prior to leaving Citizens BMC.

13. The next day, November 25, 2010, at approximately 6:50 a.m., Plaintiff's radiographs were reviewed and interpreted by a radiologist who diagnosed an "epiphyseal dislocation of the proximal left radius."

14. Despite radiology results showing that Plaintiff had, in fact, sustained a serious dislocation fracture, neither Defendant Richardson nor Defendant Citizens BMC contacted Plaintiff or her family to inform them that a post-discharge review of her radiographs showed such fracture, which was inconsistent with Plaintiff's diagnosis at discharge.

15. As a result, Plaintiff continued to experience pain and discomfort in her left forearm to such a degree that she sought additional medical treatment.

16. Plaintiff's subsequent medical care providers reasonably relied upon the diagnosis rendered at Plaintiff's discharge that Plaintiff had not suffered a fracture. Following orders from Defendant Richardson and Defendant Citizens BMC, Plaintiff sought such treatment for the evaluation of a soft tissue injury. As such, Plaintiff's epiphyseal dislocation of her proximal left radius was not revealed until months after her discharge from Citizens BMC.

17. During the period Plaintiff's fracture went undiagnosed, her bones continued to grow at the rate expected of an eight-year-old child.

18. Once the fracture was discovered, Plaintiff's treating physicians promptly operated on the fracture and abnormal bone growth on March 3, 2011.

19. The delay in diagnosis and treatment, which resulted from Defendants' negligence and/or wantonness, allowed Plaintiff's bones to grow in an abnormal fashion which could not be corrected once discovered and, in turn, has resulted in serious permanent injury including, but not limited to, the abnormal fusion of bones within Plaintiff's arm, as well as growth restriction.

## **COUNT I**

20. Plaintiff re-adopts and re-alleges all previous paragraphs as if fully set out herein.

21. On or about November 24, 2010, Defendants Richardson, Pegasus, Citizens BMC, and fictitious party defendants undertook to and did provide medical services to Merrie Layton.

22. During said period of time and at said place the Defendants Richardson, Pegasus, Citizens BMC, and fictitious party defendants negligently and/or wantonly provided medical services to Merrie Layton, and negligently and/or wantonly breached applicable standards of care by:

(a) Failing to properly diagnose and/or treat serious injuries and conditions, the presence of which were indicated by Merrie Layton's signs and symptoms present during her presentation to Citizens BMC emergency department on November 24, 2010.

(b) Failing to review and/or appropriately interpret Merrie Layton's radiographs, which were obtained prior to Plaintiff's discharge.

(c) Failing to inform Merrie Layton of subsequently-learned information regarding the true nature of her injury and condition.

23. Had Defendants Richardson, Pegasus, Citizens BMC, and fictitious party defendants complied with the applicable standard of care they would have immediately diagnosed Plaintiff's epiphyseal dislocation to allow for proper and timely treatment.

24. The negligent and/or wanton conduct of Defendants Richardson, Pegasus, Citizens BMC, and fictitious party defendants combined and concurred to proximately cause the following harms and losses to plaintiff Merrie Layton:

(a) She has suffered permanent physical injury and disability.

(b) She has incurred and will continue to incur medical expenses for treatment and medication necessitated by defendants' conduct;

(c) She has and will continue to endure pain, suffering, and mental anguish as a result of the defendants' conduct.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate plaintiff for the above-described damages and injuries, together with interest from the date of the incident and the cost of the proceeding. Further, plaintiff requests the jury selected to hear this case render a verdict for the plaintiff and against these defendants and that they award punitive damages to plaintiff in an amount adequate to reflect the enormity of defendants' wrongful acts and would prevent other similar wrongful acts in the future.

                                  s/Robert P. Bruner_____
                                  **ROBERT P. BRUNER**
                                  ASB-7673-B50B
                                  **S. DREW BARNETT**
                                  ASB-9240-Y13H

                                  **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
**BELT LAW FIRM, P.C.**
Lakeshore Park Plaza, Suite 114
2204 Lakeshore Drive
Birmingham, AL 35209
Phone:  (205) 933-1500
Fax:     (205) 933-5500
RobertB@Beltlawfirm.com
DrewB@Beltlawfirm.com

### PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY

                                  s/Robert P. Bruner_____
                                  OF COUNSEL

### REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

     The plaintiff hereby requests that the clerk serve the Defendants by certified mail, return receipt requested  pursuant to Alabama Rules of Civil Procedure 4.1 and Federal Rules of Civil Procedure 4(c)(2)(C)(i).

                                  s/Robert P. Bruner_____
                                  OF COUNSEL

**Defendants to be served at the following address:**

**James V. Richardson, M.D.**
223 Oak Ridge Drive
Pike Road, AL 36064

**Baptist Health System, Inc. d/b/a Citizens Baptist Medical Center**
c/o Kerry Black
1130 22nd Street South
Suite 1000
Birmingham, AL 35205

**Pegasus Emergency Group Alabama, LLC**
c/o Incorp Services, Inc.
2094 Myrtlewood Drive
Montgomery, AL 36111